UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MONICA TAPIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO STEPS FORWARD; SACRAMENTO WELLNESS CENTER; private organizations, CITY OF SACRAMENTO; COUNTY OF SACRAMENTO, public entities, and DAVID ELLIOTT, as a private individual and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | No. 2:20-cv-02529-WBS-JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANT COUNTY OF SACRAMENTO'S MOTION TO DISMISS AND DEFENDANT CONSUMERS SELF-HELP CENTER'S MOTION TO DISMISS AND MOTION TO STRIKE |

----oo0oo----

　　　　Plaintiff Monica Tapia ("plaintiff") brought this action against Sacramento Steps Forward, Consumers Self-Help Center[1], the City of Sacramento, the County of Sacramento, David

---

[1] Defendant Consumers Self-Help Center was erroneously sued as Sacramento Wellness Center. (See Consumers Self-Help Center Corporate Disclosure.) (Docket No. 7.)

1

Elliott, and Does 1 to 10 alleging sexual harassment and invasion of privacy under 42 U.S.C. § 1983, First Amendment retaliation under 42 U.S.C. § 1983, and multiple claims under state law.

Before this court are the County of Sacramento's Motion to Dismiss ("County Mot. to Dismiss")(Docket No. 8), Consumers Self-Help Center's Motion to Dismiss, ("Consumers Mot. to Dismiss") (Docket No. 9), and Consumers Self-Help Center's Motion to Strike. ("Consumers Mot. to Strike") (Docket No 10.)  The County seeks to dismiss the fourth cause of action for sexual harassment and invasion of privacy under 42 U.S.C. § 1983 and the fifth cause of action for retaliation under 42 U.S.C. § 1983 in addition to several state court causes of action. (See generally County Mot. to Dismiss.)  Consumers Self-Help Center likewise seeks to dismiss plaintiff's fourth cause of action for sexual harassment and invasion of privacy under 42 U.S.C. § 1983 along with several state court causes of action.  (See Consumers' Mot. to Dismiss.)

Plaintiff states that she does not oppose the dismissal of her fourth and fifth claims under 42 U.S.C. § 1983, which constitute her only federal claims, as against all defendants and that she intends to file a motion seeking to dismiss her federal claims.  (See Pl.'s Opp'n. to Mot. to Dismiss at 7) (Docket No. 13.)  Accordingly, the court will grant the dismissal of plaintiff's fourth and fifth claims under 42 U.S.C. § 1983 against all defendants.

Because the court will dismiss plaintiff's only federal

claims, the court no longer has federal question jurisdiction.[2] Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  But a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

        Here, comity weighs in favor of declining to exercise supplemental jurisdiction over plaintiff's state law claims because the state court is competent to hear those claims and may have a better understanding of the relevant state law.  As for judicial economy, this action was removed to this court only a little over a month ago and is still in its early stages,. Judicial economy does not weigh in favor of exercising

---

[2] There is no suggestion that there is diversity jurisdiction in this case, and the court finds none.

1  supplemental jurisdiction.
2           Lastly, convenience and fairness do not weigh in favor
3  of exercising supplemental jurisdiction.  The federal and state
4  fora are equally convenient for the parties.  There is no reason
5  to doubt that the state court will provide an equally fair
6  adjudication of the issues.  Moreover, neither the County nor
7  Consumers Self-Help Center has argued that this court should
8  maintain jurisdiction after the elimination of the federal claims
9  in this case.
10           Accordingly, the court declines to exercise
11  supplemental jurisdiction and will remand plaintiff's remaining
12  state law claims.  Because the court remands plaintiff's
13  remaining state law claims, the court will not consider the court
14  will not consider Consumers' Motion to Strike (Docket No. 10),
15  which focuses solely on plaintiff's prayers for relief under
16  state law.
17           IT IS THEREFORE ORDERED that plaintiffs' fourth and
18  fifth claims under 42 U.S.C. § 1983 are hereby DISMISSED as
19  against all defendants.
20           AND IT IS FURTHER ORDERED that this case be, and the
21  same hereby is, REMANDED to the Superior Court of California, in
22  and for the County of Sacramento.  The Clerk of this Court shall
23  forward a copy of this Order to the Clerk of the Superior Court
24  of California, in and for the County of Sacramento.
25  Dated:  February 2, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE